IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-41054
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RENE CAVAZOS,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-96-CR-99-01
- - - - - - - - - -
November 7, 1997
Before DUHE', DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Rene Cavazos appeals his convictions for using and carrying
a firearm during and in relation to a drug-trafficking offense
and for conspiracy to use and carry a firearm during and in
relation to a drug-trafficking offense.  Cavazos contends that
there was insufficient evidence to support his convictions, that
the district court abused its discretion in denying his motion
for continuance, and that he was denied the effective assistance
of counsel.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We have reviewed the record and the briefs of the parties and hold that there was sufficient evidence to support Cavazos' convictions. A reasonable jury could have found the elements of the charged offenses beyond a reasonable doubt. See United States v. Pineda-Ortuno, 952 F.2d 98, 102 (5th Cir. 1992); see also United States v. Speer, 30 F.3d 605, 612 (5th Cir. 1994).

We further hold that the district court did not abuse its discretion in denying Cavazos' motion for continuance. See United States v. Scott, 48 F.3d 1389, 1393 (5th Cir. 1995). Cavazos also has not shown that he was prejudiced by the denial of his motion since he has not shown that the polygraph test results would have been admissible at trial. See id.; see also United States v. Pettigrew, 77 F.3d 1500, 1515 (5th Cir. 1996).

Finally, we decline to address Cavazos' claim of ineffective assistance of counsel raised for the first time on appeal. See United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987). Although Cavazos' general allegations of ineffective assistance in his motion for new trial were addressed by the district court at sentencing, the specific allegations raised on appeal were not presented to the district court. See United States v. Andrews, 22 F.3d 1328, 1345 (5th Cir. 1994).

AFFIRMED.